UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TERRY R.,

DECISION AND ORDER

Plaintiff,

20-CV-1544L

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

Defendant.

_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security

("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the

Commissioner's final determination.

On September 9, 2013, plaintiff filed applications for a period of disability and disability

insurance benefits, and for supplemental security income, alleging an inability to work since

November 1, 2011. (Dkt. #9 at 10). His applications were initially denied. Plaintiff requested a

hearing, which was held on August 16, 2016 before administrative law judge ("ALJ") Melissa Lin

Jones. ALJ Jones issued a decision on August 25, 2016, finding plaintiff not disabled, and the

Appeals Council denied review. (Dkt. #9 at 10-18).

Plaintiff appealed to this Court (Geraci, J.), which remanded the matter for further

proceedings by Decision and Order dated February 19, 2019. (Dkt. #9 at 660-70). Specifically, the

Court found that ALJ Jones had improperly failed to find that plaintiff's scoliosis was a severe

impairment at step two of the sequential analysis, improperly relied on a stale medical opinion,

and lacked sufficient evidence concerning plaintiff's scoliosis-related limitations to make a well-supported RFC finding.

On remand, the matter was assigned to ALJ Bryce Baird. ALJ Baird supplemented the record with additional treatment records and medical opinion evidence, held a new hearing via teleconference on April 29, 2020, and issued a new decision on July 1, 2020, finding plaintiff not disabled. (Dkt. #9 at 571-85). Plaintiff now appeals.

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #11), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #12). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

I.      **The ALJ's Decision**

Plaintiff was born May 17, 1988, and was 23 years old on the alleged onset date, with a limited education and past relevant work as a material handler. (Dkt. #9 at 583). His medical records indicate that plaintiff was diagnosed and treated for scoliosis (status post two surgical interventions as a teenager, with degenerative changes), asthma, and anxiety, which the ALJ found to be severe impairments not meeting or equaling a listed impairment. (Dkt. #9 at 574).

2

In applying the special technique for mental impairments, the ALJ determined that plaintiff has a mild limitation in understanding, remembering, or applying information, a mild limitation in interacting with others, a moderate limitation in maintaining concentration, persistence, and pace, and a mild limitation in adapting or managing himself. (Dkt. #9 at 575-76). The ALJ accordingly concluded that plaintiff's mental impairments were not disabling.

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to lift and carry to up five pounds frequently and ten pounds occasionally. He can sit for up to six hours, and stand or walk for up to two hours, in an 8-hour workday. He cannot crawl, or climb ladders, ropes, or scaffolds. He can no more than occasionally climb ramps or stairs, balance, stoop, kneel, or crouch. He can occasionally reach overhead, and can frequently reach bilaterally in all other directions. He cannot be exposed to excessive cold, heat, moisture, or humidity, and can have no concentrated exposure to pulmonary irritants such as odors, fumes, dusts, gases, or poor ventilation. He cannot be exposed to excessive vibrations, or to hazards, such as unprotected heights or moving machinery. Finally, he is limited to simple, routine tasks that can be learned after a short demonstration or within 30 days. (Dkt. #9 at 576).

When presented with this RFC as a hypothetical at the hearing, vocational expert Mary Vasishth testified that such an individual could not perform plaintiff's past relevant work as a material handler, which was performed at the heavy exertional level. However, he could perform the representative sedentary positions of addressing clerk, document specialist, and charge account clerk. (Dkt. #9 at 584). The ALJ accordingly found plaintiff not disabled.

**II.     The ALJ's Consideration of Plaintiff's Depression**

Plaintiff first argues that the ALJ failed to find whether plaintiff's depression was a severe or non-severe impairment at Step Two, and failed to account for it in subsequent steps of the sequential evaluation.

Initially, while the ALJ manifestly failed to discuss whether plaintiff's depression was a severe or non-severe impairment, I am not convinced that the ALJ overlooked or ignored its impact on his ability to perform work-related functions. Indeed, the ALJ's decision makes specific reference to plaintiff's "treatment for symptoms of anxiety and depression," and discusses plaintiff's depression symptoms, including difficulty getting out of bed, diminished interest in activities, and decreased ability to express and feel emotions. (Dkt. #9 at 574, 580). The ALJ also acknowledged the evidence of record with respect to plaintiff's mental health symptoms and treatment (targeting both depression and anxiety), in finding his mental limitations to be no more than "moderate." (Dkt. #9 at 306-310, 314-16, 475).

Nonetheless, assuming *arguendo* that the ALJ erred in failing to specifically consider the severity of plaintiff's depression or its specific impact on his RFC, such error is harmless. No medical sources, including the consulting psychologist and reviewing physician who opined as to plaintiff's mental limitations and explicitly considered his diagnosis of depression as part of their analysis (Dkt. #9 at 114, 1055), suggested that plaintiff's depression gave rise to any limitations in his workplace functioning, nor does the record otherwise support such a finding. In sum, there is no evidence that plaintiff's depression caused any limitations that exceeded the RFC found by the ALJ, which limited plaintiff to simple, routine tasks in a workplace free from hazards. Accordingly, remand for further consideration of the severity or effect of plaintiff's depression would serve no proper purpose.

### III.  The ALJ's RFC Determination

Plaintiff also argues that the ALJ rejected all of the medical opinions of record, assigning each of them no more than "some" or "little" weight, and therefore improperly reached an RFC determination supported only by his own layperson interpretation of the raw medical evidence.

The record contained four RFC opinions relative to plaintiff's physical RFC, comprised of: (1) a November 13, 2013 opinion by consulting physician Dr. Sushil Das, who opined that plaintiff had no significant medical problems but should avoid heavy lifting, and whose opinion was given "little" weight (Dkt. #9 at 283-84); (2) a July 30, 2019 opinion by consulting surgeon Dr. Russell Lee, who opined that plaintiff has moderate postural limitations, should avoid respiratory irritants, heavy machinery, and unprotected heights, and whose opinion was given "little" weight (Dkt. #9 at 1039-50); and (3) opinions by non-examining agency reviewers Dr. Dale VanSlooten and Dr. Matthew Fox, who opined that plaintiff could lift up to 50 pounds occasionally and 25 pounds frequently, had moderate postural limitations, and should avoid respiratory irritants, and whose opinions were given "little" weight (Dkt. #9 at 81-83, 104-107).

With respect to plaintiff's mental RFC, the record contained: (1) a January 9, 2020 opinion by consulting psychologist Dr. Janine Ippolito, whose opinion that plaintiff had no more than mild mental limitations was given "some" weight (Dkt. #9 at 1055-61); and (2) an opinion by non-examining agency reviewer Dr. Janet Boland, who opined that plaintiff had no severe mental impairments, and whose opinion was given "little" weight (Dkt. #9 at 114-16).

The ALJ was free "to choose between properly submitted medical opinions." *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983). In so doing, he was not required to adopt any medical opinion in its entirety, or foreclosed from crediting medical opinions in part, so long as his reasons for doing so were sufficiently stated, well-supported, and did not smack of

improper "cherry picking" of the evidence to support a predetermined conclusion. *See Dowling v. Colvin*, 2015 U.S. Dist. LEXIS 122724 at *35 (N.D.N.Y. 2015)("[ALJs] may accept only a point of a medical source's opinion, and reject others without committing a fatal 'cherry picking' error"); *Raymer v. Colvin*, 2015 U.S. Dist. LEXIS 112218 at *17 (W.D.N.Y. 2015)("an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions"). Furthermore, where, as here, the medical evidence shows "relatively minor physical impairment, an ALJ permissibly can render a common-sense judgment" about the effect of the plaintiff's physical impairments on his RFC "even without a physician's assessment." *Isome v. Commissioner*, 2020 U.S. Dist. LEXIS 172410 at *12-*13 (W.D.N.Y. 2020)(quoting *Glena v. Colvin*, 2018 U.S. Dist. LEXIS 19833 at *14 (W.D.N.Y. 2018)).

While the ALJ did not adopt any of the medical opinions of record *in toto*, his detailed RFC finding was nonetheless sufficiently explained and adequately supported, and was largely comprised of limitations taken directly from those portions of the medical opinions that the ALJ found creditable and consistent with the record as a whole.

For example, although the ALJ ostensibly gave "little" overall weight to Dr. Lee's physical RFC opinion because it was based on a one-time examination and identified some limitations that were inconsistent with the other medical evidence of record, the ALJ nonetheless credited the overwhelming majority of it. The ALJ's RFC determination included Dr. Lee's opined limitations relative to lifting, standing and walking, reaching with the arms, climbing ladders or scaffolds, crawling, exposure to moving machinery and workplace hazards, and exposure to respiratory irritants. (Dkt. #9 at 576).

The ALJ rejected Dr. Lee's opined limitations on sitting (Dr. Lee opined that plaintiff could sit for up to 15 minutes at a time, for no more than 3 hours total, while the ALJ found that plaintiff

could sit for a total of six hours), and balancing and stooping (which Dr. Lee stated plaintiff could

"never" do and the ALJ found plaintiff could "occasionally" do), reasoning that such dramatic

restrictions were inconsistent with plaintiff's repeated displays of normal physical functioning on

examination. Indeed, Dr. Lee's own objective examination findings reflected a reduced range of

motion in the spine due to scoliosis, but were otherwise unremarkable, finding normal gait and

stance, full range of motion and full strength in all extremities, and full strength and normal

dexterity in the hands and fingers. (Dkt. #9 at 581, 1045-50). Moreover, Dr. Lee's opinion relating

to plaintiff's ability to sit for only 15 minutes at a time simply parroted plaintiff's own description

of his abilities, and was not logically related to, or supported by, any of his examination findings.

(Dkt. #9 at 1039).

Similarly, while the ALJ afforded only "some" weight to Dr. Ippolito's mental RFC

opinion, he agreed with Dr. Ippolito that plaintiff could perform simple tasks and relate adequately

with others, noting that this finding was well-supported by plaintiff's treatment records and

self-reported activities of daily living. (Dkt. #9 at 1055-61). To the extent the ALJ rejected a

portion of Dr. Ippolito's opinion, his findings were favorable to plaintiff, and were supported by

other evidence of record that the ALJ identified and discussed. Specifically, the ALJ rejected Dr.

Ippolito's finding that plaintiff had no limitations with respect to maintaining concentration and

no more than "mild" limitations in performing complex tasks, and deferred instead to plaintiff's

own testimony that he did have problems with concentration, and to plaintiff's demonstrated

difficulties on objective memory-related tests, concluding that plaintiff had "mild" limitations in

attention and concentration, and "moderate" difficulties in performing complex tasks. (Dkt. #9 at

581-82). Such weighing of the evidence was not improper. *See Margo J. v. Commissioner*, 2022

U.S. Dist. LEXIS 24402 at *9-*10 (W.D.N.Y. 2022)("an ALJ is free to reject portions of

medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record").

Because the ALJ's detailed RFC finding was drawn from the medical opinions of record, and because his weighing of those opinions was set forth with sufficient specificity and was not infected by factual or legal error, his decision not to grant greater than "some" or "little" weight to any of them does not amount to an improper substitution of layperson conjecture for competent medical opinion.

Nor do I find that the ALJ mischaracterized the record, as plaintiff urges, with respect to the "conservative" nature of plaintiff's treatment, or the significance of plaintiff's self-reported daily activities. Plaintiff's conditions were primarily treated with medications, which he generally reported were helpful in relieving his symptoms, he only occasionally sought medical treatment, and he routinely engaged in a broad spectrum of activities relevant to the ALJ's analysis of his functional capacity, including household chores, socializing, occasional travel, child care, and odd jobs. (Dkt. #9 at 318, 941-44, 985, 1057).

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

**CONCLUSION**

For the foregoing reasons, I find that the decision-appealed-from was supported by substantial evidence of record, and was not erroneous. Plaintiff's motion to vacate the ALJ's decision and remand the matter for further proceedings (Dkt. #11) is denied, and the

Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is granted. The ALJ's

decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         July 12, 2022.